UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ROGER CAMPBELL, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FIRST AMERICAN FINANCIAL CORPORATION, A DELAWARE CORPORATION, et al.,<br><br>    Defendants. | Case No. 19-cv-03695-LB<br><br>**ORDER GRANTING MOTION TO TRANSFER CASE TO THE CENTRAL DISTRICT OF CALIFORNIA**<br><br>Re: ECF No. 10 |

## INTRODUCTION

Defendants First American Financial Corp. and First American Title Co. (collectively, "First American") are the largest title insurer in the country.[1] In May 2019, a real-estate developer discovered that all of First American's 885 million confidential customer documents were publicly accessible on its website.[2] The developer contacted First American, but First American allegedly refused to respond or to take any ameliorative action.[3] The developer then contacted a journalist,

---

[1] First Amend. Compl. ("FAC") – ECF No. 8 at 5 (¶ 17). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.*

[3] *Id.* (¶ 18).

ORDER – No. 19-cv-03695-LB

who wrote an article stating that all of First American's 885 million documents were publicly accessible.[4] First American then terminated access to the documents on its website.[5]

At least 21 class actions have been filed against First American relating to this exposure of confidential customer documents.[6] Eighteen of them are pending before the Honorable Dale S. Fischer in the Central District of California, Western Division.[7] The other three cases are pending in the Eastern District of Michigan, in the Western District of Washington, and in the Northern District of California — this case.[8]

This case is chronologically the sixteenth or seventeenth of the 21 cases to be filed.[9] It is being brought by two named plaintiffs, who live in the Eastern and Central Districts of California,[10] against First American, which has its principal place of business in the Central District of California.[11] The plaintiffs do not cognizably allege any connection to the Northern District of California or that any of the acts and omissions that gave rise to their claims took place in this district.[12]

First American moves to transfer this case to the Central District of California under (1) the first-to-file rule and (2) 28 U.S.C. § 1404(a).[13] More specifically, First American moves to transfer

---

[4] *Id.* at 5–6 (¶ 18).

[5] *Id.* at 6 (¶ 18).

[6] Defs. Reply Ex. 1 (chart of cases) – ECF No. 19-1.

[7] Defs. Reply – ECF No. 19 at 3; *accord* Defs. Reply Ex. 1 (chart of cases) – ECF No. 19-1.

[8] Defs. Reply Ex. 1 (chart of cases) – ECF No. 19-1.

[9] *Id.*

[10] Plaintiff Roger Campbell lives in Copperopolis, FAC – ECF No. 8 at 3 (¶ 7), which is in the Eastern District of California. Plaintiff Gillian Schaadt lives in Ladera Ranch, *id.* (¶ 8), which is in the Central District of California.

[11] First American's principal place of business is in Santa Ana, *id.* at 4 (¶¶ 9–10), which is in the Southern District of California.

[12] The plaintiffs allege as a conclusion that "many of the acts and omissions that give rise to this Action took place in this judicial District," *id.* at 5 (¶ 15), but they do not support this conclusion with any cognizable factual allegations.

[13] Defs. Mot. – ECF No. 10.

this case to the Central District of California, *Western* Division (where Judge Fischer sits).[14] The plaintiffs oppose transfer and argue that the court should leave the case here for now and stay it instead.[15] The plaintiffs state that the plaintiffs in the sixth-filed class action against First American filed a motion with the Judicial Panel on Multidistrict Litigation ("JPML") to transfer the case to the Central District of California, *Southern* Division.[16] The plaintiffs argue that the court should stay this case while the JPML motion is pending, because "[t]here is little point in transferring this case to the Central District, Western Division when it will likely be re-transferred shortly to the Central District, Southern Division."[17]

The court can decide First American's motion to transfer without oral argument. N.D. Cal. Civ. L.R. 7-1(b). The first-to-file rule applies, and the plaintiffs do not offer any cognizable reason in response why this case should stay here. The court transfers the case to the Central District of California under the first-to-file rule. The court does not transfer the case to any particular division in the Central District and leaves it to the Central District to determine the division assignment.

## ANALYSIS

### 1. Governing Law

"[T]he well-established 'first to file rule,' . . . allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court[.]" *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991). "The rule is primarily meant to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the possibility of conflicting judgments." *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1292 (N.D. Cal. 2013) (citing *Church of Scientology of Cal. v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979)). "The first-to-file rule is intended to serve the purpose of promoting efficiency well and should not be disregarded lightly." *Kohn Law Grp, Inc. v. Auto Parts Mfg.*

---

[14] *Id.*

[15] Pls. Opp'n – ECF No. 17-2.

[16] *Id.* at 4.

[17] *Id.*

*Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015) (internal quotation marks and brackets omitted) (quoting *Alltrade*, 964 F.2d at 625). Courts analyze three factors in determining whether to apply the first-to-file rule: "chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Id.* at 1240 (citing *Alltrade*, 946 F.2d at 625). "The issues in both cases . . . need not be identical, only substantially similar." *Id.* (citing cases).

When dealing with class actions, courts look to whether the putative classes are similar, as opposed to whether the named plaintiffs are the same. *See, e.g.*, *Dist. Council 37 Health & Sec. Plan v. McKesson Corp.*, No. C06-00718 SBA, 2006 WL 1305235, at *1 (N.D. Cal. May 11, 2006) (citing *Peak v. Green Tree Fin. Servicing Corp.*, No. C 00-0953, 2000 WL 973685, at *2 (N.D. Cal. July 7, 2000)).

"[D]istrict court judges can, in the exercise of their discretion, dispense with the first-filed principle for reasons of equity. But it is not an abuse of discretion, and therefore not reversible error, for a district court judge to weigh the facts and conclude that the rule should apply." *Alltrade*, 946 F.2d at 628.

## 2. Application

The first-to-file factors are satisfied here.

First, the first of the class actions against First American — *Gritz v. First American Financial Corp.*, No. 8:19-cv-01009-DSF-E (C.D. Cal. filed May 27, 2019) — was filed nearly a month before this case was. In addition to *Gritz*, thirteen of the other class actions against First American pending in the Central District were filed before this case was as well.[18] This factor weighs in favor of transfer. *Cf. Sindaghatta v. First Am. Fin. Corp.*, No. 3:19-cv-01083-H-RBB, slip op. at 2 (S.D. Cal. July 29, 2019), ECF No. 9 (fact that *Gritz* was filed before *Sindaghatta*, another class action against First American, weighed in favor of transferring *Sindaghatta* to the Central District).[19]

---

[18] Defs. Reply Ex. 1 (chart of cases) – ECF No. 19-1.

[19] First American attached the *Sindaghatta* decision to the docket in this case at ECF No. 19-3.

Second, the parties here are substantially similar to the parties in *Gritz*. The putative class in this case is substantially similar to the putative class in *Gritz*: both are classes of persons who used First American's title-insurance services and had their personally identifiable information ("PII") compromised.[20] And the defendants — First American Financial Corp. and First American Title Co. — are identical in both cases. This factor weighs in favor of transfer. *Cf. Sindaghatta*, slip op. at 2–3 (fact that *Gritz* and *Sindaghatta* had similar putative classes and similar defendants weighed in favor of transferring *Sindaghatta* to the Central District).

Third, the issues here are substantially similar to the issues in *Gritz*. Both cases allege that First American failed to protect its customers' PII and made publicly available 885 million confidential customer documents.[21] Both cases bring claims for breach of contract, negligence, and violation of California Business and Professions Code § 17200 et seq. and the California Consumers Legal Remedies Act.[22] The plaintiffs here also bring a claim for breach of the covenant of good faith and fair dealing that the *Gritz* plaintiff did not explicitly plead, and the *Gritz* plaintiff brought a claim for unjust enrichment that the plaintiffs here did not plead.[23] But "[t]he issues in

---

[20] The putative class in *Gritz* is defined in terms of usage of First American's services ("All persons who utilized First American's title insurance or other closing services"). Defs. RJN Ex. A (*Gritz* Compl.) – ECF No. 11-1 at 12–13 (¶ 50). The putative class here is defined in terms of the breach of PII ("All persons residing in the State of California whose Personal Identifying Information was maintained by First American Financial Corporation and/or First American Title Company and was compromised as a result of the breach which was reported on or about May 24, 2019."). FAC – ECF No. 8 at 14 (¶ 51). But in light of the overall claims and allegations in the two cases — namely, that people who used First American's title-insurance services had their PII compromised — the two classes are substantially similar for purposes of the first-to-file rule. *Cf. Sindaghatta*, slip op. at 2–3 (finding that *Sindaghatta*'s putative class of "[a]ll persons who paid First American for services in the United States and whose PII was exposed, accessed, compromised, or obtained from First American without consent" was substantially similar to *Gritz*'s putative class of "[a]ll persons who utilized First American's title insurance or other closing services"). Additionally, the putative class in *Gritz* is a nationwide class and the putative class here is a California-residents-only class. But "the parties would still be similar because the putative nationwide class in the [*Gritz*] Action necessarily includes the California consumers covered here." *Cf. Mehr v. Capital One Bank USA N.A.*, No. SACV 18-1576 JVS (ADSx), 2019 WL 2428768, at *3 (C.D. Cal. Jan. 4, 2019) (citing cases).

[21] *Compare* Defs. RJN Ex. A (*Gritz* Compl.) – ECF No. 11-1 at 7–11 (¶¶ 18–40) *with* FAC – ECF No. 8 at 5–12 (¶¶ 17–45).

[22] *Compare* Defs. RJN Ex. A (*Gritz* Compl.) – ECF No. 11-1 at 15–18 (¶¶ 58–85), 19–20 (¶¶ 91–99) *with* FAC – ECF No. 8 at 16–19 (¶¶ 59–70), 20–29 (¶¶ 81–127).

[23] The *Gritz* plaintiff also pleaded as separate claims for negligence and negligence per se what the plaintiffs here plead as a single claim for negligence.

both cases . . . need not be identical, only substantially similar." *Kohn Law Grp.*, 787 F.3d at 1240. This factor weighs in favor of transfer. *Cf. Sindaghatta*, slip op. at 2–3 (finding that claims in *Sindaghatta* that overlapped but did not exactly match the claims in *Gritz* nonetheless raised substantially similar issues and weighed in favor of transferring *Sindaghatta* to the Central District).

The plaintiffs do not offer any cognizable reason why this case should not be transferred. The plaintiffs argue that courts stay motions to transfer while JPML motions are pending. They cite no applicable cases in support of that proposition.[24] The plaintiffs also argue that one plaintiff "lives in Northern California, where he executed all agreements with Defendants and where all performance on the part of Defendant[s] took place."[25] They conspicuously do not claim that that plaintiff lives in the Northern District of California — because he does not.[26] He lives in the Eastern District of California.[27] The other named plaintiff lives in the Central District of California.[28] The defendants' principal place of business is in the Central District of California.[29] Transfer to the Central District of California is appropriate here.

First American asks that the court transfer this case specifically to the Central District of California, Western Division. Even assuming that this court has the authority to transfer the case

---

[24] The plaintiffs cite several cases where courts have stayed motions to remand to state court while JPML motions were pending. *Napoli v. Wyeth (In re Diet Drug Litig.)*, No. CV 11-9507 CAS (JEMx), 2012 WL 13012665 (C.D. Cal. Jan. 11, 2012); *Bushong v. Merck & Co., Inc.*, No. 06-CV-02139-JMRBB, 2006 WL 4056990 (S.D. Cal. Dec. 11, 2006); *Alger v. Merck & Co.*, No. 06cv1888-IEG(WMc), 2006 U.S. Dist. LEXIS 82188 (S.D. Cal. Nov. 7, 2006); *Valentine v. Merck & Co.*, No. 06cv2154 DMS (JMA), 2006 U.S. Dist. LEXIS 86441 (S.D. Cal. Oct. 23, 2006); *Purcell v. Merck & Co.*, No. 05cv0443-L(BLM), 2005 U.S. Dist. LEXIS 41239 (S.D. Cal. June 3, 2005); *McCrerey v. Merck & Co.*, No. 04-2576 WHQ (WMc), 2005 WL 6124182 (S.D. Cal. Mar. 3, 2005). They also cite one case where the court stayed discovery and motions for class certification, *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal. 1997). None of these cases addressed the first-to-file rule or dealt with transfer issues analogous to the ones presented here.

[25] Pls. Opp'n – ECF No. 17-2 at 9.

[26] FAC – ECF No. 8 at 3 (¶ 7).

[27] *Id.*

[28] *Id.* (¶ 8).

[29] *Id.* at 4 (¶¶ 9–10).

to a specific division in another judicial district, it declines to do so. The Central District can manage its own docket and determine the division assignment.[30]

## CONCLUSION

The court grants First American's motion to transfer and transfers this case to the Central District of California under the first-to-file rule.

**IT IS SO ORDERED.**

Dated: August 5, 2019

                                                       _____
LAUREL BEELER
United States Magistrate Judge

---

[30] It appears that even if the court were to try to transfer the case to the Central District of California, Western Division, that does not necessarily mean that the case would be assigned to the judge presiding over the first-filed case (*Gritz*) or to any particular judge. *See* Defs. Reply – ECF No. 19 at 4 n.1 (*Sindaghatta* purportedly was transferred specifically to the Central District of California, Western Division, but then was assigned to a random judge). Conversely, it appears that even if the case initially ends up in another division of the Central District, that does not necessarily mean that it could not then be reassigned to the judge presiding over the first-filed case. *See* Order re Transfer Pursuant to Gen. Order 19-03 (Related Cases), *Barajas v. First Am. Fin. Corp.*, No. 8:19-cv-01078-DSF-E (C.D. Cal. June 28, 2019), ECF No. 32 (another class action against First American was initially filed in the Central District, Southern Division, but then was reassigned to the judge presiding over *Gritz*). Rather than purporting to direct this process, the court defers to the Central District to determine its assignments.